United States District Court
Southern District of Texas
**ENTERED**
August 16, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| MARCO A. CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Cause No. 7:24-cv-00040 |
| | § | |
| GUERRA & MOORE, LTD, LLP, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for all pretrial purposes, including the hearing and determining of all procedural discovery motions, the management of the case before trial, and all other matters as authorized by 28 U.S.C. § 636 and the Federal Rules of Civil Procedure. (Dkt. No. 14).[1] Pending for consideration are Plaintiff Marco A. Cantu's Opposed Emergency Motion to Remand (Dkt. No. 3), Defendant Guerra and Moore's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted (Dkt. No. 7), and related response motions filed respectively by each party (Dkt. Nos. 6, 15).

---

[1] On July 12, 2024, Plaintiff filed an advisory with the District Court that Plaintiff will not consent to the jurisdiction of the magistrate judge to hear any matters in this cause of action. (Dkt. No. 16). For matters reviewed within this Report and Recommendation pursuant to 28 U.S.C. § 636(b), such consent is not required. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002); *see also Adimore-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561, at *3 (5th Cir. 2024) (citing *Newsome* for holding that referral under 28 U.S.C. §636(b)(1) does not require consent of the parties); *Perry v. Director, TDCJ-CID*, No. 6:22-CV-00064, 2022 WL 1478978, at *1 (E.D. Tex. May 10, 2022) (noting that since the case was not referred to the magistrate judge for entry of final judgment, consent of the parties is not required).

After careful consideration of the arguments presented within the filings, the relevant court proceedings, and case law, the undersigned recommends that

(1) Plaintiff's opposed motion for remand (Dkt. No. 3) be herein **DENIED**,
(2) Defendant's motion to dismiss (Dkt. No. 7) be herein **GRANTED**, and
(3) This civil proceeding instituted by Marco A. Cantu against Guerra and Moore be herein **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

The undersigned further recommends that this matter be closed out upon adoption of said recommendation.

## I. BACKGROUND

Marco A. Cantu ("Plaintiff") initiated this action in the 275th District Court, Hidalgo County, Texas, on February 8, 2024, by filing Plaintiff's Original Petition for Wrongful Execution of Writ Motion to Dismiss and/or Motion to Quash Writs of Execution and Declaratory Judgment Action. (Dkt. No. 1-2). Previously, on December 1, 2023, a Writ of Execution was filed by law firm Guerra and Moore (Defendant) to seek recovery of judgment obtained by Defendant against Plaintiff in the sum of $1,941,797.44, with interest from August 3, 2008, at rate of five percent per annum out of the 341st District Court, Webb County, Texas. (Dkt. 1-2 at 8-16). Said judgment was obtained pursuant to a previous trial proceeding between the parties out of 111th District Court, Webb County, Texas from August 2008. In that matter, a jury found Plaintiff liable for intentionally interfering with a contract between Defendant and Zacarias Gonzalez and intentionally interfering with the reasonable probability that Defendant would have entered into a contractual relationship with Julian Gonzalez and awarded damages based on such conduct. (Dkt. No. 1-2 at 10-16). As summarized by Court of Appeals – San Antonio upon review of the state conviction:

This suit over attorney's fees has its origin in a product liability/wrongful death action arising from the September 2004 death of Santa Magdelana Gonzalez and

from injuries to her brother, Zacarias Gonzalez. Zacarias originally retained the law firm of Guerra & Moore, Ltd., LLP ("Guerra") in January 2005. Less than one month later, he terminated that representation and retained the Law Office of Mark Cantu, which filed the product liability/wrongful death lawsuit on July 18, 2005. At this time, Glen Romero, Juan Gonzalez, and Rick Benavides were associated at the Cantu law firm. In November 2006, Romero, Gonzalez, and Benavides left to form their own law firm, Romero, Gonzalez & Benavides, LLP ("RG & B"). Also in November 2006, the Gonzalez family terminated their representation with the Cantu firm and retained RG & B.

The Gonzalez family reached a settlement agreement with the defendants in their product liability/wrongful death lawsuit in late 2006; however, while that suit was still pending, [Guerra and Moore] filed an intervention asserting its right to forty percent of any recovery obtained by the Gonzalez family. On January 16, 2007, the Gonzalez family, represented by RG & B, filed a motion to remove Cantu as an attorney of record in the product liability/wrongful death suit. Cantu and RG & B eventually reached an agreement over how to allocate attorney's fees and expenses following the settlement of the product liability/wrongful death suit.

. . .

Trial before a jury commenced in April 2008. Following trial, the court signed a final judgment, ordering that (1) [Guerra and Moore] recover $1.6 million plus interest against Cantu, (2) Cantu was not entitled to any of the funds held in the court's registry; (3) RG & B was solely entitled to the funds held in the court's registry, and (4) Cantu's contract with the Gonzalez family was illegal and void.

*Cantu v. Guerra & Moore, Ltd. LLP*, 328 S.W.3d 1, 4 (Tex. App—San Antonio 2009, no pet.)

The Texas Court of Appeals upheld the jury verdict of liability against Cantu for tortious

interference of contract between Guerra and Moore and Gonzalez's. *Id*. at 7, 10.[2] Thus, leading

to the attorneys securing payment from Plaintiff through filing of writ of execution.

Plaintiff seeks to quash the writ of execution served upon Plaintiff on January 17, 2024,

claiming said writ was based on an illegal contract between the Gonzalez's and Defendant (that

---

[2] To be clear, the court of appeals noted that Cantu did not challenge the jury findings that Cantu interfered with Guerra and Moore's contract with Zacarias Gonzalez, *Cantu v. Guerra & Moore, Ltd., LLP*, 328 S.W.3d 1, 6 n.3 (Tex. App.—San Antonio, no pet.), just the prospective contract between Cantu and Moore and Julian Gonzalez (the father of Santa Magdelana Gonzalez). *Id*. at 7. Unrelated to this proceeding, the court of appeals reversed a directed verdict (and related rulings) that was found in favor of RG & B against Cantu and remanded to state district court for further proceedings . *Id*. at 9, 10.

resulted in the original state court judgment), and that Plaintiff be given credit for payments already made to resolve such judgment. (Dkt. No. 1-2 at 3). In support of claims, Plaintiff provides releases of judgment purportedly signed by Zacarias Gonzalez. (Dkt. No. 1-2 at 17-20).

Defendant was formally served as of February 8, 2024. (Dkt. No. 1-2 at 22). On the same date, Defendant filed Notice of Removal in federal court. (Dkt. No. 1). In summary, Defendant seeks removal pursuant to 28 U.S.C. § 1331 and § 1334. First, Defendant claims that federal court has federal question jurisdiction pursuant to § 1331 as Plaintiff is attempting to nullify and overturn several judgments already issued against him in federal court. (Dkt. No. 1 at ¶4). Second, in the alternative, Defendant claims the federal court has jurisdiction as it is "related to" an on-going case pending in federal court pursuant to § 1334. (*Id*. at ¶9).

Defendant also seeks to have the petition filed by Plaintiff dismissed for failure to state a claim. (Dkt. No. 7). In general, Defendant argues that Plaintiff is seeking to re-litigate issues attacking the underlying judgment from 2008 that were addressed in Case No. 5:18-CV-161; the alleged release of judgements are not signed by the appropriate parties and are fraudulent; claims of payment are conclusory in nature and insufficient to state a claim; and, finally, these claims have been addressed in on-going litigation between the parties in Case No. 7:11-CV-299. (*Id*., at ¶¶6-9). Plaintiff counters that the case should be remanded to state court as all relevant parties reside in Texas and there is no federal question to address. (Dkt. No. 3 at ¶¶ 3,4). Furthermore, Plaintiff argues that appropriate consent has not been obtained from all the parties in regard to said removal. (*Id*. at ¶¶ 9, 21).

## II. HISTORY OF LITIGATION

To sort out the issues, a brief review of the legal history[3] between parties is warranted.[4]

### a. *Guerra and Morre, LDT., LLP v. Cantu, et al.*, Case No. 7:11-CV-299:

This is an on-going creditor-debtor dispute between the parties. In the original complaint filed on October 6, 2011, the law firm of Guerra and Moore noted it was a holder of a final judgment against Plaintiff based on the judgment out of the 111th District Court, Webb County, Texas. Case No. 7:11-CV-299, Dkt. No. 1 at ¶8. Therefore, the Defendant was claiming that the firm had an interest in legal fees generated by Plaintiff as a practicing attorney (and then subsequently as private investigator after being disbarred in 2016)[5] to resolve said judgment. *Id.* at ¶9.

Over the course of litigation, Defendant has been able to obtain payment of legal fees generated by Plaintiff's previous work as an attorney and/or investigator per agreement between all the relevant parties. *Id.*, Dkt. Nos. 75, 156. Additionally, under a second amended complaint, Guerra and Moore was able to establish that it had perfected a lien on a property located at 809 Sycamore, McAllen, Texas, to allow Guerra and Moore to obtain judicial foreclosure on said

---

[3] This summary is substantially similar to the review of litigation history presented in the Report and Recommendation filed in related case of *Marco A. Cantu v. 401 Sycamore, LLC, et al.*, Case No. 7:24-CV-057, Dkt. No. 30; *see also infra* p.11-12.

[4] There have been several cases between the parties that are discussed within this Report and Recommendation. Judicial notice will be taken of such filings. Fed. R. Evid. 201(b)(2); *see also Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020); *Hernandez v. Baylor University*, 274 F. Supp. 3d 602, 605 (W.D. Tex. April 7, 2017) ("A court may take judicial notice of a document filed in another court … to establish the fact of such litigation and related filings, but generally cannot take notice of the findings of fact from other proceedings" (quoting *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007))); *Gonzalez v. Degollado*, No. 5:20-CV-30, 2021 WL 5564430, at *5 (S.D. Tex. Nov. 29, 2021) ("The Court may also take judicial notice of filings in other court proceedings, as they are matters of public record" (citations omitted)).

[5] Plaintiff was disbarred by the State Bar of Texas on April 11, 2016. *See* State Bar of Texas, *Find a Lawyer*, https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsourc e/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=214414 (last viewed on Aug. 3, 2024).

property to satisfy a portion of the judgment obtained out of state court. *Id.*, Dkt. Nos. 211, 212, 236, 298. Finally, in the third amended complaint, Guerra and Moore, again seeking to satisfy the noted state judgment, is seeking the imposition of a constructive trust per Chapter 24 of the Texas Business and Commerce Code due to allegation that Plaintiff fraudulently conveyed assets to Idalia Plata and 401 Sycamore, LLC. *Id.*, Dkt No. 345 at ¶20. In other words, Guerra and Moore argue that the property in question was fraudulently transferred to Idalia Plata in 2017 (and then to 401 Sycamore, LLC in 2018) when in truth and fact it is still an asset of the Plaintiff's that can be used to satisfy the state court judgment. *Id.*, Dkt. No. 345 at ¶13; Dkt. No. 350 at ¶1.

As of May 30, 2024, the District Court has allowed for depositions by counsel for Idalia Plata and 401 Sycamore, LLC to depose Guerra and Moore, the noted creditor, "on matters related to who owns 401 Sycamore, the house, and how its paid for, whether or not it's paid for, who is the true owner, whether or not it's Ms. Plata, 401 Sycamore [LLC], or whether they are straw owners for Mr. Cantu." Case No. 7:11-CV-299, Dkt. No. 501 at 23:11-16 (Transcript of hearing on May 30, 2024). The District Court noted "[t]he debt has been established and that's not in dispute anymore." *Id.* at 23:18-19.

### b. *Mark A Cantu v. Guerra & Moore LTD LLP, et al.*, Case No. 5:18-CV-161:

In 2018, Plaintiff, represented by legal counsel, filed a petition seeking a bill of review contesting the judgment from 2008 state court proceedings. Case No. 5:18-CV-161, Dkt. No. 1-2 (Plaintiff's Second Amended Bill of Review Petition and Application for Temporary Injunction). Said matter was then removed by Defendant Guerra and Moore, represented by David Lumber, to federal court for final resolution. *Id.*, Dkt. No. 1.[6] Plaintiff argued that perjury was committed by

---

[6] David Lumber was counsel for Defendant Guerra & Moore, Ltd., LLP in this matter as well when case was removed to federal court. *See* Case No. 5:18-CV-161, Dkt. No. 1 at 2. Attorney Ronald G. Hole would eventually be designated as lead counsel representing the law firm, and the attorneys Guerra, Moore, and Lumber. *Id.*, Dkt. No. 49. Additionally, the District Court would grant attorney David Lumber's motion

the Gonzalez's about Plaintiff's behavior at the behest of the noted David Lumber in exchange for financial compensation. *Id.*, Dkt. No. 1-2 at ¶16. And such lies benefited the law firms of Guerra and Moore and Romero, Gonzalez, and Benavides. *Id.*, Dkt. No. 1-2 at ¶¶ 12-15. As to the legitimacy of the claims, a bench trial was held before the District Court in September 2020. Again, Plaintiff contended the Defendant engaged in a pay for perjury scheme during the 2008 state court trial which prevented Plaintiff from rightfully litigating his claim in state court. The Court found that Plaintiff failed to carry his burden of proving by a preponderance of the evidence a pay for perjury scheme or any conspiracy or fraud between Defendant and the Gonzalez family, between Defendant and Romero, Gonzalez and Benavides law firm or between Defendant, Romero Gonzalez and Benavides law firm and the Gonzalez family. *See* Case No. 5:18-CV-161, Dkt. No. 111 at 2. District Court also found there was no credible evidence to show that Plaintiff could not have reasonably discovered these matters before trial or appeal. *Id.* Finally, the Court found that Plaintiff did not prove the essential elements of his bill of review of the state proceedings by the required preponderance of evidence standard. *Id.*

Plaintiff did attempt to appeal said ruling but that case was dismissed for lack of jurisdiction on July 21, 2022. *Cantu v. Guerra & Moore, L.L.P.,* No. 21-40493, 2022 WL 2867168, at *1 (5th Cir. July 21, 2022) (Case No. 5:18-CV-161, Dkt. No. 123).[7]

Besides these two primary cases, there have been three additional cases related to these parties that have been presided over by District Court Judge Hinojosa.

---

for summary judgment and dismiss him as a named defendant in the action on October 18, 2019, and prior to the noted bench trial. *Id.*, Dkt. No. 57.

[7] Opinions cited in federal reporters or Westlaw will also have parallel citation to PACER docket entry.

**c.** ***Adela Rivera, Administrator of the Estate of Rafael Pena v. Guerra & Moore Ltd LLP, et al.*, Case No. 7:17-CV-387:**

On September 19, 2017, this litigation was initiated by the previous owners of 809 Sycamore Avenue, McAllen, Texas, in attempt to set aside the transfer of said property to Marco A. Cantu and Roxanne Cantu (Plaintiff's wife).  Per the original petition, Rafael Pena had transferred the property to Mark A. Cantu and Roxanna Cantu but the Plaintiff (the administrator of the estate of Rafael Pena)[8] claimed that Mr. Pena was suffering dementia and lacked the legal capacity to transfer the property.  The property, itself, had been transferred from the Cantus to their daughter Alyssa Cantu, who then transferred the property over to Sandy Diaz.  The petition also sought to stop the pending sale of the property on October 3, 2017.  *See generally*, Case No. 7:17-CV-387, Dkt. No. 1-1.  Guerra and Moore sought removal of the action to federal court since it was contesting a matter already pending in federal court in the 2011 litigation.  *Id.*, Dkt. No. 1. The sale went through as ordered by the District Court in Case No. 7:11-CV-299 and the motion to remand back to state court was denied.  Judge Hinojosa granted Guerra and Moore's motion to dismiss for failure to state a claim.  *Id.*, Dkt. No. 31 (February 26, 2018).  The case was affirmed on appeal.  *Rivera v. Guerra & Moore Ltd., L.L.P.*, 742 F. App'x 847 (5th Cir. 2018) (per curiam) (Case No. 7:17-CV-387, Dkt. Nos. 44).

**d.** ***Mark A. Cantu v. Guerra & Moore Ltd LLP, et al.*, Case No 7:21-CV-193:**

On March 26, 2021, Plaintiff, as a *pro se* litigant, initiated this litigation in state court in an attempt to contest the sale of 809 Sycamore Avenue as part of the judicial foreclosure sale initiated out of the 2011 litigation.  In support, Plaintiff argued that the listed defendants "engaged in a criminal fraudulent conspiracy to circumvent the law and illegally sale property that didn't belong

---

[8] Adela Rivera is the daughter of Rafael Pena and is also Mark Cantu's sister-in-law.  Case No. 7:17-CV-387, Dkt. No. 1-1 at 20, Dkt. No. 4 at ¶1.

to them . . . ." Case No. 7:21-CV-193, Dkt. No. 1-2 at 3 (State Petition).  The listed defendants

not only included Guerra and Moore but also G&M Esquires, P.C., Yamil Tueme, Hector Guerra

and ReMax, each involved with the foreclosure and sale of the noted property.  *Id*.  Guerra and

Moore sought removal of federal court arguing the court had proper jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1334.  "The sole purpose of the instant state court suit is to assume jurisdiction

over the same piece of Property [809 Sycamore, McAllen, Texas] in attempt to defeat Judge

Crane's jurisdiction and numerous orders applicable to said Property [from Case No. 7:11-CV-

299]."  Case No. 7:21-CV-193, Dkt. No. 1 at 2.  In a hearing on June 30, 2021, Judge Hinojosa

dismissed the case and on July 7, 2021, an Order of Dismissal was entered by the court.  *Id.*, Dkt.

No 17.  Plaintiff appealed the dismissal.  The Fifth Circuit Court of Appeals noted that foreclosure

had already been granted as to 809 Sycamore property and affirmed on appeal.  The court also

noted that the Plaintiff had engaged in multiple challenges and appeals, and this was the fourth

such challenge.  The court held the district court was correct that Cantu did not have any standing

in the matter to contest the foreclosure of the property as he had no interest in the property and the

case was affirmed.  *Cantu v. Guerra & Moore Ltd, L.L.P.*, No 21-40584, 2022 WL 1576766, at *1

(5th Cir. May 19, 2022) (per curiam) (Case No. 7:21-CV-193, Dkt. No. 39).

### e. *401 Sycamore, LLC v. Marco A. Cantu, et al.,* Case No. 7:22-cv-185*:*

This litigation was initiated in state court by 401 Sycamore, Inc., LLC, on June 16, 2022,

against Plaintiff, Roxana Cantu, law firm of Thornton, Biechlin, Reynolds and Guerra, Paige

Moore, Michelle Crane, Trudy Crane, and David Lumber.  The property of 401 Sycamore (which

is now owned by 401 Sycamore LLC) is subject of the third amended petition filed by Defendant

against Plaintiff in the 2011 creditor-debtor litigation.  In this instance, attorney David Lumber

sought removal of the proceedings from state court to federal court on grounds that the property

in question is subject of the noted on-going litigation. Case No. 7:22-CV-185, Dkt. No. 1 at ¶2. The corporation alleged that it acquired the property five years ago and the defendants have conspired to place a cloud on title of the property by "using the outstanding debt of Marco A. Cantu, to disparage [Idalia Plata/401 Sycamore, LLC's] ownership to said property." Case No. 7:22-CV-185, Dkt. No. 1-3 at 3-4 (Plaintiff's Petition). The corporation sought to obtain quiet title to the property, trespass to try title, and declaratory action as to ownership of property. The corporation also alleged that listed defendants have been unjustly enriched by their conspiracy to cloud ownership and committed fraud. *Id.* at 5-6.

In a hearing on February 24, 2023, Judge Hinojosa did not remand the case back to state court and granted motion to dismiss for failure to state claim as to David Lumber, Paige Moore, the law firm of Thornton, Biechlin, Reynolds and Guerra. When pressed by counsel as to the issue of remand, Judge Hinojosa noted that 401 Sycamore, LLC and Plaintiff Marco A. Cantu are essentially one in the same. *Id.* at Dkt. No. 31 at 3:20-21 (Transcript of hearing on February 24, 2023). The case was appealed by 401 Sycamore, LLC but dismissed for want of prosecution. Case No. 7:22-CV-185, *appeal dismissed*, No. 23-40183 (5th Cir. June 26, 2023) (Dkt. No. 37).

As of July 25, 2024, a writ of mandamus has been filed by Plaintiff. Plaintiff seeks an order declaring the federal district court lacked jurisdiction in this matter, therefore, any judgment rendered is void and the action should be remanded back to state court for further proceedings. Case No. 7:22-CV-185, Dkt. No. 48.[9]

---

[9] Plaintiff (who is originally listed as a defendant in Case No. 7:22-CV-185) is seeking the writ of mandamus contesting federal court jurisdiction. Plaintiff seeks to contest the jurisdiction on theory that since bankruptcy proceeding has been closed out and resolved, the federal district court did not have "related to" jurisdiction per 28 U.S.C. § 1334. *See* Case No. 7:22-CV-185, Dkt. No. 48 at 7-8.

f.   _Marco A. Cantu v. 401 Sycamore, LLC, et al._, **Case No. 7:24-CV-057**:

This matter is one of the two matters pending before the court involving the Plaintiff.  In this companion case, on February 14, 2024, Plaintiff initiated an action in the 464th District Court, Hidalgo County, Texas, and subsequently, on February 20, 2024, filed an amended petition.  Case No. 7:24-CV-057, Dkt. Nos. 1-2, 1-3.  In the amended petition, Plaintiff articulates that he helped acquire the property located at 401 Sycamore Avenue, McAllen, Texas.  Plaintiff claims that David Lumber, counsel for Guerra and Moore in several of the cases noted above, conspired with all the other defendants "to place a cloud on this title of 401 Sycamore property; using an outstanding debt of another person, namely Marco A. Cantu, to disparage her ownership to said property." (Dkt. No. 1-3 at 4).  The other listed defendants besides David Lumber are 401 Sycamore, LLC, Idalia Plata, the law firm of Thornton, Biechlin, Reynolds & Guerra, Rafael Garcia, Jr, Michelle Crane, Randy Crane, Carlos Guerra and Michael Moore.  As a result of this conspiracy among these defendants (except for Idalia Plata), Plaintiff claims he lost "the benefit of a contract that he had entered into with Mrs. Plata [Defendant Idalia Plata] for the future purchase of 401 Sycamore Avenue." _Id._ at 6.  Therefore, due to such conspiracy, Plaintiff has set out five causes of action: (1) Quiet title for the property; (2) Trespass to try title; (3) Declaratory action; (4) Unjust enrichment; and (5) Fraud.  Case No. 7:24-CV-057, Dkt. No. 1-3 at 7,8.  In short, Plaintiff seeks judicial action claiming that the property belongs to Idalia Plata free of any liens or claims from Defendant.

On February 20, 2024, Defendant Lumber removed said litigation from state court to federal court. _Id._, Dkt. No. 1.  Similar to the case at hand, there is a motion to remand filed by Plaintiff contesting the removal.  Defendants David Lumber, the law firm of Thornton, Biechlin, Reynolds & Guerra, and Rafael Garcia, Jr., Carlos Guerra, and David Moore have, respectively,

all filed motions to dismiss.  Similar to this proceeding, the undersigned believes remand should

be denied and request for dismissal should be granted for failure to state a claim.[10]

### III. MOTION TO REMAND

First things first, does federal court have jurisdiction?

Federal courts are courts of limited jurisdiction limited by Constitution and by statute.  *B.,*

*Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981); *see also Howery v. Allstate*

*Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*,

511 U.S. 375, 377 (1994)).  "Where a federal court proceeds in a matter without first establishing

that the dispute is within the province of controversies assigned to it by the Constitution and statute,

the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions,

opinions, and orders are of no effect."  *B., Inc.*, 663 F.2d at 548.  As such, a court "must presume

that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum."  *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S.

at 377).

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treatises of the United States."  "In determining

whether a case 'arises under federal law' we look to whether the 'plaintiff's well-pleaded

complaint raises issues of federal law.'"  *Howery*, 243 F.3d at 916 (quoting *City of Chicago v. Int'l*

*College of Surgeons*, 522 U.S. 156, 163 (1997)); *see also Caterpillar Inc. v. Williams*, 482 U.S.

386, 392 (1987).

---

[10] *See supra* n.3.

### a.  Parties' Claims for Jurisdiction

In this matter, Plaintiff is seeking that the state court dismiss a writ of execution obtained

against him by the Defendant.  Plaintiff argues that removal is not proper because there are no out

of state defendants and "all the enumerated causes of action can only be brough in state court."

(Dkt. No. 3 at ¶ 3).  Defendant submits that this court has jurisdiction to address a federal question

set out within the Petition.  They point to Plaintiff's pleading that sets out the following:

> This criminal conspiracy unjustly enriched Guerra and Moore; and the Gonzalez's
> false testimony was essential for the jury to have awarded any recovery.

(Dkt. No. 1-2 at 2).  In other words, the writ is based on a judgment that was fraudulently obtained

and should thus be dismissed.  Defendant notes that this issue was already litigated in federal court

between the parties in Case No. 5:18-CV-161.  (Dkt. No. 6 at ¶6).  Since the new case is essentially

seeking to circumvent orders and ruling of a federal district court, there is a federal question and

removal is proper.  (Dkt. No. 6 at ¶10).  Furthermore, Plaintiff's claims about credit pertain to

payments made in connection to another on-going federal lawsuit between the parties – Case No.

7:11-CV-299.  (Dkt. No. 6 at ¶11).  This claim is also addressing a matter already being addressed

in federal court and thus remand is not appropriate.

Finally, Defendant submits that the federal court has jurisdiction under § 1334 as this

proceeding is "related to" Case No. 7:11-CV-299.  (Dkt. No. 6 at ¶¶12-14).  In the 2011 case,

subject-matter jurisdiction was contested by Plaintiff and the Fifth Circuit held that the federal

court has jurisdiction for the matter "related to" bankruptcy proceeding involving Plaintiff.  (Dkt.

No. 6 at ¶12 (citing *matter of Cantu*, 720 F. App'x 713, 714 (5th Cir. 2018) (Mem) (per curiam)

(Case No. 7:11-CV-299, Dkt. No. 266)).  Therefore, Defendant argues that "[a]t a bare minimum,

this case is 'related to' the case before Judge Crane [2011 litigation], over which Judge Crane has

proper bankruptcy jurisdiction, based on Cantu's complaints about orders issued [in that matter]."

(Dkt. No. 6 at 7).

### b. Contested Jurisdiction

It is worthwhile to note, as outlined above, Plaintiff has had a history of lawsuits against Defendant where federal jurisdiction was contested. In each instance where the matter has been addressed, the courts held they, respectively, had appropriate jurisdiction.

Starting first with the creditor-debtor litigation from 2011. Plaintiff contested jurisdiction of the federal court and the District Court, in three different orders, held that the lawsuit related to on-going bankruptcy proceedings pending at the time in federal court against Plaintiff, therefore, the District Court had jurisdiction to preside over the case per 28 U.S.C. § 1334. *See* Case No. 7:11-CV-299, Dkt. Nos. 23, 199, 211. As noted by Chief Judge Crane:

> Given [Cantu's] repeated failure to accept the Court's ruling on this matter, the Court is forced to repeat itself a third time here: an action is related to bankruptcy if the outcome *could* alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate, but certainly, or even likelihood of such an effect is not … required.

*Guerra & Moore, Ltd., LLP v. Cantu*, Case No. 7:11-CV-299, 2017 WL 6444413, at *3 (S.D. Tex. July 25, 2017) (internal quotations marks and citations omitted) (emphasis original) (Dkt. No. 211). Said decision was affirmed on appeal. *matter of Cantu*, 720 F. App'x 713, 714 (5th Cir. 2018) (Mem) (per curiam) (Dkt. No. 266).

In regard to the 2015 litigation between the parties and the noted bench trial, that proceeding was initially filed in state court. The District Court denied the request for remand by Plaintiff. Plaintiff was challenging the state court judgement against him through a bill of review. Case No. 5:18-CV-161, Dkt. No. 51 at 2-3. Defendant removed case to federal court after Plaintiff amended his pleadings requesting return of real property foreclosed by Defendant. *Id.*

In reviewing the issue of remand, Chief Judge Crane noted the following:

> Plaintiff has repeatedly attempted to relitigate matters already conclusively decided through motions for reconsideration and motions for stay filed before this Court and before the Fifth Circuit. *See, e.g.*, Dkt. Nos. 213, 217, 239, Civ. No. 7:11-CV-299. This Court and the Fifth Circuit have both denied such motions. *See, e.g.*, Dkt. Nos. 230, 241, Civ. No. 7:11-CV-299. The *day after* the Fifth Circuit denied Plaintiff's request for a stay of the Order of Judicial Foreclosure, Plaintiff filed a case in state court seeking title to the Property. Dkt. No. 1, Ex. 1, Civ. No. 7:17-CV-387. Plaintiff's most recent amendment to the Bill of Review in the instant case additionally reveals Plaintiff's goal of obtaining title to the Property. *See* Dkt. No. 1, Ex. 2 at ¶ 25. Plaintiff now seeks an injunction giving Plaintiff possession of the Property, which was sold at auction, pursuant to Court order, in October 2017. Dkt. No. 1, Ex. 2 at ¶2; Dkt. Nos. 212, 243, Civ. No. 7:11-CV-299. Therefore, both Plaintiff's prior actions and the face of the Amended Petition reveal Plaintiff's goal in the instant case, to circumvent the prior federal court order adjudicating title to the Property.

Case No. 5:18-CV-161, Dkt. No. 51 at 6. Therefore, the District Court held there was federal question jurisdiction pursuant to two key cases out of the Fifth Circuit Court of Appeals – *Deauville Associates v. Lojoy* Corporation, 181 F.2d 5 (5th Cir. 1950) and *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1976) – as Plaintiff was trying to circumvent court orders from the 2011 creditor-debtor litigation. *Id.*

    **c.**  **Three Proceedings Before Judge Hinojosa**

Besides these two cases outlined, each proceeding before Chief Judge Crane, there has also been three cases before Judge Hinojosa. In each instance, a party, usually the Plaintiff contested the jurisdiction of the federal court. In each instance, jurisdiction was found to be appropriate by Judge Hinojosa. *See supra*, p. 7-11.

    **d.**  **Relevant Case Law**

Defendant cites two cases in support of request that motion for remand should be denied. First, in *Deauville Associates, Inv. v. Lojoy Corp et al.*, a suit was filed to attack a title to a "property acquired under and resting under" a federal court order and thus nullify said order. 181

F.2d 5, 5 (5th Cir. 1950). The case was removed to federal court after being filed in state court and plaintiff sought to remand back on claim that original suit did not rest upon a federal question. The court held that "the suit was founded upon, and raised, a federal question authorizing its removal to the federal court." *Id*. at 6. Further, it was clear to the court that plaintiff was attempting "to relitigate in state court matters already determined in the federal court." *Id*. Second, in *Villarreal v. Brown Express, Inc.*, after resolution of an auto-accident case between the parties in federal district court, plaintiff re-filed a suit in state court under a different cause of action against defendant seeking additional damages based on the same accident. 529 F.2d 1219, 1220 (5th Cir. 1976). The state case was subsequently transferred to federal court and request for remand was denied. Upon review, the court of appeals upheld the remand as the claim was essentially one to recover additional damages from the original suit based on allegations of fraud during the settlement negations. *Id*. at 1221.

In reaching this decision, the court held:

A party may not fraudulently evade removal by drafting a complaint so that the true purpose of the lawsuit is artfully disguised. *Romick v. Bekins Van & Storage Co.*, 197 F.2d 369, 370 (5th Cir. 1952), *citing Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 293, 62 L.Ed. 713, 715 (1918). " . . in practice, the federal courts do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal." 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3734, (1976), *citing Nunn v. Feltinton*, 294 F.2d 450 (5 Cir. 1961), *cert denied*, 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784 (1962).

*Villarreal*, 529 F.2d at 1221.

### e. **Application**

Plaintiff is correct that in reviewing the issue of removal and remand, the pleadings control. *Howery*, 243 F.3d at 916. However, even on Plaintiff's pleadings it is clear that Plaintiff is trying to attack not one but two different federal court rulings and thus the court has federal

question jurisdiction.  First, by attacking the writ of execution and claiming it is based on fraud, Plaintiff is seeking to re-litigate the issues he presented in Case No. 5:18-CV-161.  After a bench trial, the District Court found there was no fraud between any of the parties as claimed by Plaintiff and the bill of review of the state court judgment from 2008 was denied.  Plaintiff is again claiming fraud within his own pleadings to contest the District Court's findings.  *Compare* Case No. 7:24-CV-040, Dkt. No. 1-2 at 2 (Plaintiff's Complaint) ("The Gonzalez's were promised a large part of the illegal judgment with Guerra and Moore obtained because of their false testimony given to a jury during the trial of the case"), *with* Case No. 5:18-CV-161, Dkt. No. 111 at 2 ("Court finds that Plaintiff failed to carry his burden of proving by a preponderance of evidence a pay for perjury scheme or any conspiracy or fraud between Guerra and Moore attorneys and the Gonzalez family, . . . .").  Second, by attacking the writ of execution, Plaintiff seeks to undermine the various orders issued by the District Court in Case No. 7:11-CV-299 awarding Defendant proceeds from the Plaintiff based on the outstanding judgment from 2008.  As noted, proceeds have been paid for work attributed to Plaintiff and one property has been foreclosed.  The case is on-going as to a third property that may or may not be connected to Plaintiff.  Each of the orders again based on the original judgment obtained in 2008.  Therefore, as outlined in *Deauville Associates* and *Villarreal*, since Plaintiff is trying once again to complete an end-run around federal court orders against him, federal-question jurisdiction exists contrary to Plaintiff's claims, and it is recommended that the request to remand be denied.[11]

---

[11] With finding of federal-question jurisdiction under 28 U.S.C. § 1331; there is no need to address if there is "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334.  Similar to all other cases filed in state court and removed to federal court outlined within the body of this report and recommendation, Plaintiff is just seeking to overturn the various orders that have been issued by the federal courts as to Guerra and Moore's attempt to lawfully secure liability owed to them by Plaintiff.

### f. **Rule of Unanimity**

In an attempt to avoid federal jurisdiction, Plaintiff notes that the Defendant did not obtain consent of Defendant Idalia Plata and therefore the case should be remanded back to state court under the "rule of unanimity." (Dkt. No. 3 at ¶9, 21). However, a review of the pleadings in this matter reveal that Idalia Plata is not a listed defendant therefore such claim (let alone requirement to comply with said rule) is moot. *Cf. SkyGlass, Inc. v. Partnership, LLC*, No. 3:19-CV-1087-S, 2019 WL 3819282, at *2 (N.D. Tex. Aug. 14, 2019) (noting that "in cases removed on the basis of diversity or federal jurisdiction, all defendants must consent to removal unless a statue other than § 1441 authorizes the removal without one defendant's consent."); *see also* 28 U.S.C. § 1446(b)(2)(A).

## IV. MOTION TO DISMISS

With jurisdiction determined proper, the next issue pending resolution is Defendant's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted. (Dkt. No. 7). On July 3, 2024, Plaintiff filed a response denying most of the Defendant's arguments. (Dkt. No. 15). This matter is now ripe for consideration.

In regard to Writ of Execution filed by Defendant on January 17, 2024, Plaintiff claims that "he has already satisfied the judgment in its entirely." (Dkt. No. 1-2 at 2). In support, Plaintiff articulates a unique claim where he substitutes the Gonzalez's as the true "creditors" and in turn, sets out a Release of Judgment from Zacarias Gonzalez relieving Plaintiff, as debtor, from all further payments claiming all payments have been satisfied. (Dkt. No. 1-2 at 17-20). To reach this conclusion, Plaintiff argues that the Gonzalez's (the victims of the original products liability tort suit) performed "illegal work" of lying on behalf of the attorneys in which Guerra and Moore "simply reaped" the benefits from the 2008 judgment; thus, the Defendant has been "unjustly

enriched" by the Gonzalez's "illegal work." Now, because of this alleged "illegal work," it is the Gonzalez's who have a claim to the judgment under theory of quantum meruit. As such, the Gonzalez's are the true creditors, not the Defendant, and thus, they can approve the Release of Judgement. (Dkt. No. 1-2 at 2; Dkt. No. at 18 at 17-20 (Releases of Judgment)). In summary, Plaintiff notes that "Zacarias Gonzalez as a party to an illegal contract has the absolute right to partake in any of the fruits of their illegal actions; in fact, he has a right to all proceeds of the criminal actions taken by the parties." (*Id.* at 2).

Plaintiff also argues that Defendant fails to provide credits for sale of foreclosed property and payments made to the registry of the U.S. District Court presumably referencing the on-going litigation between the parties in Case No. 7:11-CV-299. Plaintiff claims the abstract of judgment "recites incorrect post-judgment interest rates more than five percent post judgment interest rates stated in the final judgment . . . ." (*Id.* at 3). Therefore, Plaintiff "seeks to have this court declare the rights and duties of all the parties involved in this illegal contract, and the credits that were not given to debtor." (Dkt. No. 1-2 at 3).

In response, Defendant argues that Plaintiff is seeking to re-litigate the criminal conspiracy claims that were previously addressed in Case No. 5:18-CV-161 and should thus be dismissed, the release of judgments are invalid and fraudulent, and final claim about satisfaction or credit of payment or partial payment of judgment are conclusory in nature, and furthermore, have been addressed previously by Judge Crane in Case No. 7:11-CV-299. (Dkt. No. 7 at ¶¶6-9).

    a. **Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"). The court may also take judicial notice of filings in other court proceedings, as they are matters of public record.[12]

---

[12] *See supra* n.4.

b. **Res Judicata**

Res judicata generally cannot be raised in a motion to dismiss and should instead "be pleaded as an affirmative defense," Fed. R. Civ. P. 8(c). However, dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense. *Anderson v. Wells Fargo Bank, N.A.,* 953 F.3d 311, 314 (5th Cir. 2020) (citing *Test Masters*, 428 F.3d at 570 n.2); *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) (citations omitted).[13]   A court may also raise the res judicata defense on its own when all the relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.  *See American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981).

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules."  *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000); *see Agrilectric Power Partners, Ltd. v. General Electric Co.*, 20 F.3d 663, 664 (5th Cir. 1994).

A case is barred by res judicata when:

> (1) the parties are identical or in privity;
> (2) the judgment in the prior action was rendered by a court of competent jurisdiction;
> (3) the prior action was concluded by a final judgment on the merits; and

---

[13] The Fifth Circuit has held that the district court may dispose a motion to dismiss pursuant to rule 12(b)(6) based on res judicata bar, rather than treating the motion as one for summary judgment. *Davis v. Bayless,* 70 F.3d 367, 372 n.3 (5th Cir. 1995).

(4) the same claim or cause of action was involved in both actions.

*Petro-Hunt, LLC v. United States*, 365 F.3d 385, 396 (5th Cir. 2004).

### c.  Plaintiff's Claim of Judgment Being Fulfilled

All four elements of res judicata are met in this case in regard to Plaintiff's claim attacking

the writ of execution as being based on an illegal pay-for-perjury agreement.

At the outset, the first and second elements are present here and beyond dispute.  First, the

parties in this case are the same as in Case No. 5:18-CV-161 in which Plaintiff sued Guerra and

Moore to contest the state conviction.  Second, the prior judgments were made by this Court, the

United States District Court for the Southern District of Texas, McAllen Division.  This Court is

a court of competent jurisdiction with jurisdiction to issue said rulings.  Third, the records show

that the prior judgment was a final order on the merits.  A federal court's dismissal with prejudice

is a final judgment on the merits for res judicata purposes.  *See Oreck Direct, LLC v. Dyson, Inc.*,

560 F.3d 398, 401 (5th Cir. 2009) (citing F*ernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278,

284 n.8 (5th Cir. 1993)).  As mentioned above, the District Court entered a final judgment in Case

No. 5:18-CV-161, dismissing Plaintiff's claims with prejudice.  *See* Case No. 5:18-CV-161, Dkt.

No. 115.  This is a preclusive judgment, and the third element is met.

Lastly, the fourth element is satisfied because the claims in the present action overlap with

the allegations in prior cases and involve the same nucleus of operative facts.  To determine

whether a subsequent action involves the same claim or cause of action, a court employs "the

transactional test."  *Petro–Hunt, L.L.C.*, 365 F.3d at 395 (quoting *In re Southmark Corp.*, 163 F.3d

925, 934 (5th Cir. 1999)).  Under the transactional test, "a prior judgment's preclusive effect

extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of

connected transactions, out of which the original action arose. *Id.* at 395-96 (quoting *Test Masters*,

428 F.3d at 571).  The critical issue is whether the two actions are based on the "*same nucleus of operative facts.*"  *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 313 (5th Cir. 2004) (emphasis added); *New York Life Insur. Co. v. Gillespie*, 203 F.3d 384, 387 (5th Cir. 2000).

Plaintiff contends that "[t]he actions that the defendants took in wrongfully executing the judgment has nothing to do with the merits of the underlying case."  (Dkt. No. 15 at 3).  The records show otherwise.  No new story is told except that Plaintiff reiterates how Defendant obtained a million-dollar judgment against him through a pay-for-perjury scheme.  In the present action, Plaintiff argues that the witnesses were coached by Defendant to commit perjury in the 2008 jury trial, and that the witnesses were promised a large part of "the illegal judgment" for the false testimony.  (Dkt. No. 1-2 at 2).  This is the same set of facts giving rise to the cause of action in the prior case.  *See* Case No. 5:18-CV-161, Dkt. No. 1-2 at 2-5.[14]  Therefore, the transactional test is met.

Plaintiff avers that Plaintiff is litigating a new claim of "criminal conspiracy."  (Dkt. No. 15 at 3).  Even if Plaintiff's claims in this case were different than the claims raised in prior case (which they are not), they would nevertheless be barred by res judicata.  *See matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("The rule is that res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated.").

---

[14] As outlined in the Background section, *see supra* p.7, the District Court adjudicated Plaintiff's claims in Case No. 5:18-CV-161 and held the following:

> ...the Court finds the Plaintiff has failed to carry his burden of proving by a preponderance of the evidence a pay-for-perjury scheme or any conspiracy or fraud between [Guerra and Moore] attorneys and the Gonzalez family, between [Guerra and Moore] attorneys and Romero, Gonzalez, and Benavides (RGB) attorneys, or between [Guerra and Moore] attorneys, RGB attorneys, and the Gonzalez family.

*See* Case No. 5:18-CV-161, Dkt. No. 111 at 2 ("Findings of Fact and Conclusions of Law").

Plaintiff further develops this argument by submitting that since Defendant obtained a favorable judgment and was "unjustly enriched" by the alleged "criminal conspiracy," the Gonzalez's (who allegedly lied on its behalf) are the ones who should be entitled to "the entire amount of the judgment because of the work and effort that [the witnesses] made to achieve this illegal act." (Dkt. No. 1-2 at 2). In turn, the Gonzalez's have allegedly released him from the judgment they are owed under a theory of quantum meruit. Therefore, the judgment against him has been fulfilled. (*Id.*). This claim should be precluded by res judicata as well because there is no indication that Plaintiff could not or should not have asserted this claim in the prior action. Since the same *nucleus of operative facts* underly this argument, it is defeated by the preclusive effect of prior final judgment. *Davis*, 383 F.3d at 313. Accordingly, the fourth element of res judicata is satisfied.

As such, Plaintiff's claim is barred from adjudication under theory of res judicata.

Plaintiff's allegations under the theory of quantum meruit, if considered, fail to state a claim upon which a relief may be granted. "Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received." *HDI Global Specialty S.E. v. Coreslab Structures (Texas) Inc.*, No. 1:20-cv-01110-LY, 2021 WL 1226561, at *2 (citations omitted). To recover under a claim of quantum meruit, a plaintiff must establish that:

(1) He rendered valuable services or furnished materials,
(2) For the defendant,
(3) Who accepted the services and materials, and
(4) The Defendant had reasonable notice that the plaintiff expected compensation for those services or materials.

*Id.* at *2 (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

Taking Plaintiff's claim at face value, Plaintiff attempts to establish that it is the Gonzalez' who allegedly rendered "valuable services" to the Defendant by "lying" in regard to the underlying

alleged "criminal conspiracy" that led to the 2008 judgment. (Dkt. No. 1-2 at 2). In other words, Plaintiff's quantum meruit claim is factually based on the Gonzalez's providing perjury "service" and is entitled to compensation for their perjury. However, courts will not enforce agreements that are illegal and void. *See Packard v. OCA, Inc.*, 624 F.3d 726, 730 (5th Cir. 2010) (citing *Lewis v. Davis*, 199 S.W.2d 146, 150 (1947) (holding that "no accounting or recovery of profits can be had by one party to an illegal transaction against another")). Pay-for-perjury is an unenforceable agreement because it requires performance of an illegal act. *In re Kasschau*, 11 S.W.3d 305, 309 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that "'[a] contract to do a thing which cannot be performed without violation of the law' violates public policy and is void.") (citing *Lewis*, 199 S.W2d at 148-49)). The prohibited result may not be reached through the assertion of a quantum meruit claim. *Browne v. R & R Engineering Co.*, 264 F.2d 219, 222 (3d Cir. 1959).

### d.  <u>Plaintiff's Claims of Releases and Credits</u>

Plaintiff alleges a release of judgment has been signed by himself and Zacarias Gonzalez. According to Plaintiff, "Zacarias Gonzalez as a party to an illegal contract has the absolute right to partake in any of the fruits of their illegal actions; in fact, he has a right to all the proceeds of the criminal actions taken by parties." (Dkt. No. 1-2 at 2). Defendant argues that Plaintiff cannot obtain any relief on the release-of-judgment claim because it is legally invalid and/or fraudulent. (Dkt. No. 7 at 4-5).

When a court considers a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  As much as the court accepts Plaintiff's well-pled facts in a complaint as true, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

First, Plaintiff's conclusory claim here is not "entitled to the assumption of truth."  *Id.; Iqbal*, 556 U.S. at 679.  It is insufficient to state a claim upon which a court may grant a relief. *Mann*, 556 F.2d at 293.  Second, under Texas law, "[s]atisfaction of a judgment in whole or in part may be shown by recordation of … release that is signed by the party entitled to receive payment of the judgment or by that person's agent or attorney of record …."  Tex. Prop. Code Ann. §52.005(2)).  Here, "the party entitled to receive payment of the judgment" is Guerra and Moore. Plaintiff fails to establish why a release signed by himself and Zacarias Gonzalez, instead of the creditor Guerra and Moore, releases the judgment against him.  (Dkt. No. 1-2 at 2).  Therefore, Plaintiff fails to state a valid release-of-judgment claim here, and it should be dismissed with prejudice.

Finally, Plaintiff asserts that the Writs of Execution did not give him credits for two payments made, which amount to about $700,000.  (*Id.* at 2-3).  Plaintiff also claims that "the abstract of Judgment recites incorrect post-judgment interest rates more than the five percent post judgment interest rates state in the final judgment." (*Id.* at 3).  As discussed before, since the same *nucleus of operative facts* underly these claims, they are precluded by prior final judgment. Moreover, Plaintiff copied-and-pasted this part of pleading from a motion to dismiss he filed in Case No. 7:11-CV-299.  *Compare* Dkt. No. 1-2 at 2-3 *with* Case No. 7:11-CV-299, Dkt. No. 447 at 1-3.  Plaintiff asserts the exact same factual basis and allegations as in this lawsuit, word by

word.  Said motion was denied on February 14, 2024, by Judge Crane, and thus, the same claim asserted here is also barred by res judicata.  *See* Case No. 7:11-CV-299, Dkt. No. 449.

Therefore, for the foregoing reasons, it is recommended that Plaintiff's additional claims are also barred by the doctrine of res judicata.

## V.  ATTORNEY FEES

In Plaintiff's request for remand there is also request for payment of expenses.  (Dkt. No. 3 at ¶23).  For reasons noted, Defendant has a good basis to seek removal based on noted case law and history of on-going litigation between the parties, therefore, it is recommended that said request should be denied.  *Cf. Fernandez v. Cheynne Petroleum Company, L.P.*, No. 5:24-CV-18, 2024 WL 1994259 (S.D. Tex. May 6, 2024) (noting that any request for sanctions should be made pursuant to Fed. R. Civ. P. 11(c)(2) in a separate filed motion and "served on the nonmoving party at least twenty-one days before it is filed with the court.").

## CONCLUSION

After review of the record and relevant law and consideration of arguments presented, the undersigned recommends Plaintiff's opposed motion for remand and request for sanctions (Dkt. No. 3) be herein **DENIED** for reasons as outlined above, Defendant's motion to dismiss (Dkt. No. 7) be herein **GRANTED** for reasons explained, and (3) this civil proceeding instituted by Marco A. Cantu against Guerra and Moore be herein **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

### *Notice to the Plaintiff*

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings or legal conclusions accepted or adopted by the District Court, except on grounds of plain error.  *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

**DONE** at McAllen, Texas, this 16th day of August 2024.

Juan F. Alanis
United States Magistrate Judge